UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Premier Glass Services, LLC., | ) | Case No. 24-05367 |
| | ) | |
| Debtor. | ) | |
| Christopher Glass & Aluminum, Inc., | ) | |
| | ) | Adversary No. 24-00096 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Deborah L. Thorne |
| | ) | |
| Premier Glass Services, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Christopher Glass & Aluminum, Inc. (Plaintiff) filed this adversary proceeding seeking a

determination that its claim against Premier Glass Services, LLC (Defendant) for tortious

interference with business expectation is nondischargeable under 11 U.S.C. §§ 523(a)(2), (a)(6),

and 11 U.S.C. § 1192(2).  Defendant filed a motion to dismiss the complaint for failure to state a

claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy

Procedure. Defendant argues that debts of the kind listed in section 523(a) are dischargeable in a

case filed by an entity debtor[1] under subchapter V of chapter 11 of the Code (Subchapter V).

---

[1] Other courts have referred to "corporate" debtors or "business entity" debtors.  *See Lafferty v. Off-Spec Sols., LLC (In re Off-Spec Sols., LLC)*, 651 B.R. 862, 863 (B.A.P. 9th Cir. 2023) *appeal dismissed per stipulation*, No. 23-60034, 2023 WL 9291577 (9th Cir. Nov. 12, 2023); *see also Chi. & Vicinity Laborers' Dist. Council Pension Plan v. R&W Clark Constr., Inc. (In re R&W Clark Constr., Inc.)*, 656 B.R. 628, 633 (Bankr. N.D. Ill. 2024).  This court will refer to "individual" debtors and "entity" debtors to more clearly articulate the idea that any form of debtor that is not an individual is included in the definition, not just corporations.

Plaintiff believes that confirmation of a consensual plan is not likely here and has filed the adversary case to determine whether the debts of the kind listed in section 523(a) apply to a Subchapter V entity debtor.  As explained below, the court denies the motion to dismiss, holding that the complaint states a claim upon which relief can be granted because claims of the kind listed in section 523(a) are not dischargeable under section 1192(2) for entity and individual debtors.

**Relevant Background**

Defendant is a Delaware limited liability company.  Its principal, Romeo De La Cruz (Romeo), previously worked for Plaintiff.  The complaint alleges that during Romeo's employment he entered into a Confidentiality, Non-Competition, and Non-Solicitation Agreement (Agreement) with Plaintiff and that the Agreement required that Romeo not compete with Plaintiff within a 100-mile radius for two years if he terminated employment with Plaintiff. (Compl. ¶12, Adv. Dkt. No. 1.)  After Romeo left Plaintiff's employment, he formed Defendant and is alleged to have breached the Agreement in numerous ways.  For example, the soliciting of Plaintiff's employees and customers to the Defendant, Premier Glass, the entity Romeo created and runs as CEO. (Compl. ¶15).  Plaintiff alleges that Romeo's violations of the Agreement were malicious and are not dischargeable under section 523(a)(6) of the Code. (Compl. ¶23).  Plaintiff and Defendant litigated certain of the allegations contained in the Complaint before an Arbitration Tribunal prior to the filing of the Defendant's voluntary bankruptcy petition.  The Arbitration Tribunal made findings which are now before the Circuit Court of Cook County for

2

confirmation.[2]  The court understands that the Defendant objects to confirmation of the

arbitration award and that judgment has yet to be entered.  Plaintiff alleges that in the event the

state court judgment affirms the Arbitration Award and its claim that Defendant's conduct was

malicious under section 523(a)(6), as tortious interference with business, then under section

1192(2) Plaintiff's claim will be nondischargeable.

## Jurisdiction

The court has jurisdiction over this proceeding under 28 U.S.C. § 1334 as the District

Court for the Northern District of Illinois has referred all its bankruptcy cases to the Bankruptcy

Court for the Northern District of Illinois under 28 U.S.C. § 157(a) and the District Court

Operating Procedure 15(a).

## Discussion

1. **Standard for Motion to Dismiss**

A complaint may be dismissed for "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. §12(b)(6).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  The primary issue, therefore, is whether Plaintiff's chosen claim of relief—

exception to discharge under section 523—even applies to entity debtors such as the Defendant

under section 1192(2).  To the extent that such claims are not dischargeable in a confirmation

---

[2] This court entered an order on June 26, 2024, abstaining and modifying the automatic stay to allow the Circuit Court to hear the motion to enter judgment on Arbitration Award against Defendant and Romeo (Bankr. Dkt. No. 82.).

3

order entered under section 1192(2), the complaint states a cause of action and should not be dismissed for failure to state a claim.

## 2. Statutory Construction of Sections 1192 and 523

The primary issue raised in the motion to dismiss requires this court to analyze the language of sections 1192 and 523.  To resolve a question of statutory construction, the inquiry must begin with the language of the statute itself.  *Hartford Underwriters Ins. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the texts is not absurd— is to enforce it according to its terms." (internal quotation marks omitted) (quoting *United States v. Ron Pair Enters.*, *Inc.*, 489 U.S. 235, 241 (1989)).  The Supreme Court has warned on countless occasions against judges "improving" plain statutory language to better carry out what they perceive to be the legislative purposes. *See E.P.A. v. EME Homer City Generation, L.P.*, 572 U.S. 489, 508-09 (2014) ("However sensible (or not) the Court of Appeals' position, a reviewing court's 'task is to apply the text [of the statute], not to improve upon it.'" (alteration in original) (footnotes omitted) (citations omitted)); *Kovacs v. United States,* 614 F.3d 666, 673 (7th Cir. 2010). "Unless the statute is ambiguous in some way, the occasion for interpreting it—for 'reading' it one way or another—never arises." *In re Miller*, 493 B.R. 55, 59 (Bankr. N.D. Ill. 2013).

Defendant elected to proceed under Subchapter V when it filed its voluntary petition. Confirmation of its plan will be governed by section 1191.  Plaintiff anticipates that confirmation will not be consensual and therefore will be governed by section 1191(b). Section 1191(b) states:

> (b) Exception.—Notwithstanding section 510(a) of this title, if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable,

with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. § 1191(b).

Once a plan is determined to be confirmable as a nonconsensual plan under section 1191(b), section 1192 must be consulted, which explains what is dischargeable under a nonconsensual plan.  Section 1192 states:

> If the plan of the debtor is confirmed under section 1191(b) of this title, as soon as practicable after completion by the debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of discharge executed by the debtor, a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, except any debt—
> > (1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or
> > (2) *of the kind* specified in section 523(a) of this title.

11 U.S.C. §1192 (emphasis added).

Debts "of the kind" listed in section 523(a) include 21 types of debt.  The introductory language to that list includes the following paragraph and has led some courts to find ambiguity in section 1192(2).  This court does not find that there is any ambiguity but that the language of the statute is clear and straightforward.  The preamble to section 523(a) states:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

11 U.S.C. §523(a).  Section 1192(2) does not refer to the preamble but only to the kinds of debts listed in the section.

The Seventh Circuit Court of Appeals has not weighed in on the meaning of section 1192(2).  One bankruptcy court in the circuit has considered this but there is no binding precedent.  *See Chi. & Vicinity Laborers' Dist. Council Pension Plan v. R&W Clark Constr., Inc.*

5

*(In re R&W Clark Constr., Inc.)*, 656 B.R. 628 (Bankr. N.D. Ill. 2024). Two other circuit courts have considered the issue. *Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC),* 36 F.4th 509 (4th Cir. 2022); *Avion Funding, L.L.C. v. GFS Indus., L.L.C. (In re GFS Indus., L.L.C.),* 99 F.4th 223 (5th Cir. 2024). This court finds the circuit courts' analyses persuasive.

Because Congress did not add a provision to 1192(2) instructing that the list of nondischargeable debts was limited to only certain types of debtors—entities or individuals—we are bound by the specific words. The words of Subchapter V are clear and therefore there is no need to revert to policy issues or speculation as to what Congress must have meant.

> Courts faced with a clear statutory command may not begin by deciding that some other way of doing things would be "more reasonable" and then "read" the statute to do them that way. Congress decides what makes for a reasonable bankruptcy system, and the Code embodies its view of sound bankruptcy policy. It is not the place of courts to rewrite the Code, "turning it into something they consider more logical, sensible, or conducive to human progress and enlightenment."

*Miller,* 493 B.R. at 59; *see also In re Farrar-Johnson,* 353 B.R 224, 229 (Bankr. N.D. Ill. 2006).

The specific language of 1192(2) refers only to types of debts, not types of debtors. What section 1192(2) says is that discharge is not available for "*any debt* . . . of the kind specified in section 523(a)." 11 U.S.C. § 1192(2) (emphasis added). The Bankruptcy Code defines "debt" in section 101(12) as "liability on a claim". 11 U.S.C. § 101(12). Nothing about the use of the phrase "type of debt" suggests that the court need consider the type of debtor. The Fourth Circuit suggests that Congress used this provision as a "shorthand to avoid listing all 21 types of debts, which would have expanded the one-page section to add several additional pages to the U.S. Code." *Cleary Packaging*, 36 F.4th at 515; *see also GFS Indus.,* 99 F.4th at 228 ("Section 523(a) enumerates 21 categories or 'kinds' of non-dischargeable debts. . . . [T]he most natural

6

reading of § 1192(2) is that it subjects both corporate and individual Subchapter V debtors to the categories of debt discharge exceptions listed in § 523(a)." (footnote omitted) (citations omitted)).  Whether Congress was concerned with saving pages in the U.S. Code or not, this court finds that 1192(2) refers only to the kinds of debts and does not limit the exceptions to discharge to the kind of debtor.

### 3.  Comparison with other Chapters

As the Fourth Circuit suggests, Congress has constructed the Bankruptcy Code to provide specific discharges for different types of debtors. *Cleary Packaging*, 36 F.4th at 516. For example, section 727(a)(1) limits chapter 7 discharges to individuals; chapter 13 discharges are similarly limited under sections 109(e) and 1328. *Id.*  Sections 1141(d)(2) and (5) limit the scope of discharge for individuals in chapter 11 cases and section 1141(d)(6) addresses the scope of discharge for corporations. *Id.*  When Congress intends to limit dischargeability of entity chapter 11 claims, it does so specifically.  In the amendments to the Code known as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), section 1141(d)(6) was added to except false claims against the government to the discharge exceptions.  The language added to section 1141 was specific, stating, "the confirmation of a plan does not discharge a debtor that is a *corporation* from any debt . . ." 11 U.S.C. § 1141(d)(6) (emphasis added).

In section 1192(2), the words of the statute are clear that debts "*of the kind* that are listed in section 523" are not dischargeable when the confirmation is contested.  The language in section 1192 references "*debt* … of the kind" and makes no distinction as to the kinds of debtors that are subject to nondischargeable claims.  It could have limited the exceptions to individuals, but it did not.

7

Further, the language in section 1192(2) closely echoes language used in Chapter 12 that provides that "the court shall grant the debtor a discharge of all debts provided for by the plan . . . except any debt . . . *of a kind specified in section 523(a)* of this title."  11 U.S.C. § 1228(a) (emphasis added).  This language is nearly identical to the language found in section 1192(2) which refers to "of the kind specified" and, in Chapter 12 cases, has been applied to entity and individual debtors.  *See Sw. Ga. Farm Credit, Aca v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms, Inc.)*, Bankr. No. 08-12038-JDW, Adv. No. 09-1011, 2009 WL 1514671, at \*2 (Bankr. M.D. Ga. May 29, 2009); *New Venture P'ship v. JRB Consol., Inc. (In re JRB Consol., Inc.)*, 188 B.R. 373, 374 (Bankr. W.D. Tex. 1995).  Just like section 1228, section 1192 clearly contains language that lists claims that are not subject to discharge under those portions of the statute.

Generally, two sections of the Code with identical language should be interpreted with the same meaning. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 86 (2006) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005)).  To suggest that the same language should be interpreted one way in chapter 12 and another way in Subchapter V "ignore[s] the rationality of using the same language in describing a different proceeding of the Bankruptcy Code as was done with the adoption of Subchapter V." *Cleary Packaging,* 36 F. 4th at 51.  Courts are bound to adhere to the language of a statute and in section 1192(2).  Congress clearly stated that in a nonconsensual plan the claims listed in section 523(a) are not dischargeable no matter whether the debtor is an individual or entity.  No other explanation or speculation is required[3].

---

[3] While the Fourth Circuit provides additional speculative policy as to why Congress provided the list of nondischargeable claims—suggesting this was because the absolute priority rule was eliminated and this promotes

#### 4. **Defendant's Argument**

Defendant argues, however, that this court should rely on the reasoning of the majority of bankruptcy courts considering section 1192(2) that have found the preamble to section 523(a) "critical to the analysis."  Specifically, they reason that section 523(a)'s "limiting language" means that, in a Subchapter V proceeding, the listed non-dischargeability exceptions apply only to an "individual debtor".  *See Lafferty v. Off-Spec Sols., LLC (In re Off-Spec Sols., LLC)*, 651 B.R. 862 (B.A.P. 9th Cir. 2023) *appeal dismissed per stipulation*, No. 23-60034, 2023 WL 9291577 (9th Cir. Nov. 12, 2023); *In re R&W Clark Constr., Inc.,* 656 B.R. 628; *BenShot, LLC v. 2 Monkey Trading, LLC (In re 2 Monkey Trading, LLC)*, 650 B.R. 521 (Bankr. M.D. Fla. 2023); *Nutrien Ag Sols., Inc. v. Hall (In re Hall)*, 651 B.R. 62 (Bankr. M.D. Fla. 2023); *Avion Funding, LLC v. GFS Indus. (In re GFS Indus.),* 647 B.R. 337 (Bankr. W.D. Tex. 2022) *rev'd,* 99 F. 4th 223 (5th Cir. 2024); *Jennings v. Lapeer Aviation, Inc. (In re Lapeer Aviation, Inc.),* Case No. 21-31500-jda, Adv. No. 22-3002, 2022 WL 1110072 (Bankr. E.D. Mich. Apr. 13, 2022); *Catt v. Rtech Fabrications, LLC (In re Rtech Fabrications, LLC*), 635 B.R. 559 (Bankr. D. Idaho 2021); *Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC),* 630 B.R. 466 (Bankr. D. Md. 2021), *rev'd*, 36 F.4th 509 (4th Cir. 2022); *Gaske v. Satellite Rests. Inc. Crabcake Factory USA. (In re Satellite Rests. Inc. Crabcake Factory USA)*, 626 B.R. 871 (Bankr. D. Md. 2021).

These courts tend to analyze the issue in one of two ways.  They rely upon the tradition that since 1978, chapter 11 entity debtors could discharge claims listed in section 523(a).  *See*

---

"fairness and equity", this policy consideration is not necessary as the language "of a kind" speaks to the types of claims that are not dischargeable in a nonconsensual plan. *Cleary Packaging*, 36 F. 4th at 517.

Ralph Brubaker, *Taking Exception to the New Corporate Discharge Exceptions,* 13 AM. BANKR. INST. L. REV. 757, 764-66, 765 nn. 46-49 (2005) (explaining legislative history to chapter 11 discharge); *Cleary Packaging,* 630 B.R. at 473-74 (Bankr. D. Md. 2021) *rev'd*, 36 F.4th 509 (4th Cir. 2022).  They also rely on the belief that the preamble paragraph limitation to individual debtors further defines the "type of debt."  *See Off-Spec Sols.*, 651 B.R. at 867.  It is unnecessary to resort to the preamble of section 523(a) when section 1192(2) clearly states that the discharge is limited by the kinds of debts that are of the "kind specified in section 523(a)."

### Conclusion

The language of section 1192(2) is clear, and the complaint states a cause of action for a claim under section 523(a)(6).[4]  The motion to dismiss under FRCP 12(b)(6) is denied.  If the Defendant Debtor is unable to confirm a consensual plan, any claim found to be nondischargeable under section 523(a)(6) will be nondischargeable in its plan.  The complaint alleges sufficient allegations to support a nondischargeable claim under section 523(a)(6).

An order in accord with this Memorandum will be entered.

ENTER:

Dated:  July 31, 2024

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge

---

[4] The complaint suggests that Plaintiff also alleges a claim under section 523(a)(2).  The court does not find any allegations supporting a claim under section 523(a)(2).  To the extent that the Plaintiff is alleging a claim of this type, the motion to dismiss is granted, although it is not contained in the prayer for relief.

10